UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAM VO                                          CIVIL ACTION

VERSUS                                          NUMBER: 11-00075

29TH JUDICIAL DISTRICT COURT,                   SECTION: "L"(5)
STATE OF LOUISIANA, PARISH
OF ST. CHARLES, STATE OF LOUISIANA
JUDGE EMILE R. ST. PIERRE


**REPORT AND RECOMMENDATION**


     The above-captioned petition for writ of mandamus came before

the Court pursuant to Local Rule 72.1E(B)(1) for a determination of

pauper status under 28 U.S.C. §1915. (Rec. docs. 1, 2). The

pertinent portions of the latter statute direct that a court shall

dismiss a case at any time if it is determined that the action is

frivolous or malicious or fails to state a claim upon which relief

can be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).

     In his petition for writ of mandamus, Tam Vo, petitioner

herein, alleges that he is a defendant in what he refers to as a

civil case pending before Judge Emile R. St. Pierre of the Twenty-

Ninth Judicial District Court as well as being a plaintiff in lawsuits that he himself filed against St. Charles Parish and his attorney in those lawsuits, Lantz Savage.[1]/ In the course of that pending state court "civil" case, Vo complains that Judge St. Pierre entered a guilty plea on his behalf knowing that Vo did not speak English and in violation of his Due Process rights. Vo further complains that the Judge had a bench conference with the attorneys involved in that case in which he "... stated [that] he had an internal preference and favored mothers." (Complt. at p. 2). Although Attorney Savage is not named as a respondent herein, Vo additionally complains that Savage perpetrated a fraud upon the court by making false police reports and committing perjury while under oath. Vo alleges that the actions of Judge St. Pierre amount to discrimination on account of gender. In his prayer for relief, Vo asks that all orders and judgments issued in case No. 71,558-C on the docket of the Twenty-Ninth Judicial District Court be vacated, that Judge St. Pierre be disqualified, and that Attorney Savage be sanctioned. (Complt. at p. 3).

The alleged conduct of Judge St. Pierre of which plaintiff complains concerns the manner in which that Judge is handling a

---

[1]/ It is unclear whether the later reference was made with respect to another lawsuit that Vo has pending here, <u>Vo v. St. Charles Parish, et al.</u>, 10-CV-4624 "J"(4).

case or cases pending on his docket.  Such conduct is clearly judicial in nature, triggering the application of judicial immunity.  Jones v. Judge of the 129th, Harris County District Court, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994)).  Although plaintiff does not indicate in which capacity Judge St. Pierre is being sued, any §1983 claim against the Judge in his individual capacity falters due to the absolute judicial immunity that he enjoys.  Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993).  Further, any such claim brought against Judge St. Pierre in his official capacity fails for two reasons.  First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983.  Washington v. Louisiana, 2009 WL 2015556 at *5 (E.D. La. June 30, 2009).  Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment.  Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009).

Finally, the relief requested by petitioner in the instant matter as to the sole named respondent, Judge St. Pierre, is in the nature of mandamus.  On that score, the law is clear that federal

courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties. See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96 (5th Cir. 1973); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970).  To the extent that Vo complains of the manner in which the state court lawsuits to which he is a party are being handled, his recourse is to bring such complaints to the attention of the state appellate court and, thereafter, to the Louisiana Supreme Court; federal courts, as courts of original jurisdiction, do not sit as appellate courts to review, modify, nullify, or enforce the orders of the state courts.  Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.), cert. denied, 513 U.S. 906, 115 S.Ct. 271 (1994); Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986); Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984), cert. denied, 474 U.S. 968, 106 S.Ct. 333 (1985).[2]/

## **RECOMMENDATION**

For the foregoing reasons, it is recommended Vo's petition for

---

[2]/ And because Attorney Savage is not named as a respondent herein, the Court is unable to sanction him even if it had the power to do so.

writ of mandamus be dismissed as frivolous and for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  27th day of   January      , 2011.


                                    UNITED STATES MAGISTRATE JUDGE