UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAM VO** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-75** |
| | * | |
| **EMILE ST. PIERRE** | * | **SECTION "L" (5)** |

## ORDER

Before the Court are Plaintiff Tam Vo's objection and supplemental objection to the Magistrate's report and recommendation that Plaintiff's petition be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The Court has reviewed the petition, the record, and the applicable law and is ready to rule. For the following reasons, Plaintiff's objection and supplemental objection are overruled, and the Magistrate's report and recommendation is adopted as the Court's opinion.

On January 20, 2011, Plaintiff, proceeding *pro se*, filed a petition for a writ of mandamus with this Court. In his petition, Plaintiff alleges that he was a party in a civil case before Judge Emile St. Pierre of the 29th Judicial District Court in St. Charles Parish and that Judge St. Pierre discriminated against him on the basis of gender and violated his due process rights.[1] Plaintiff seeks a writ of mandamus from this Court directing that all orders and judgments entered in that case be vacated and that Judge St. Pierre be disqualified.[2]

Plaintiff in this case is proceeding in forma pauperis pursuant to 28 U.S.C. 1915(a)(1). As

---

[1] The exhibits that Plaintiff has provided in conjunction with his objections indicate that pending before the state court was a dispute over child custody and that Plaintiff is dissatisfied with Judge St. Pierre's handling of that case.

[2] Plaintiff also alleges that Lantz Savage perpetrated fraud on the court during that proceeding. Plaintiff has not named Mr. Savage as a defendant in this matter, however.

a result, his petition must be dismissed if his action "is frivolous" or "fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(i), (ii). The Magistrate has recommended that the petition be dismissed, and Plaintiff has objected to that recommendation. Plaintiff's objections, however, merely describe with further detail the allegations that he makes in his petition. They do not identify any grounds suggesting that the Magistrate's analysis and recommendation are incorrect.

Moreover, in light of well-settled law, the Court is unable to conclude that such grounds can be shown. In particular, it is worth emphasizing that federal courts do not have the power to issue writs of mandamus in order to direct the state courts and their judicial offers in the performance of their duties. *See Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973). And "federal district courts do not have jurisdiction . . . to reverse or modify the judgments of state courts." *Lampkin-Asam v. Supreme Court of Florida*, 601 F.2d 760, 760 (5th Cir. 1979). This Court is therefore not in a position to grant the relief requested by Plaintiff in his petition.

Accordingly, **IT IS ORDERED** that Plaintiff's objection (Rec. Doc. No. 5) and supplemental objection (Rec. Doc. No. 10) are hereby **OVERRULED** and that the Magistrate's Report and Recommendation (Rec. Doc. No. 4) is hereby **ADOPTED** as the Court's opinion.

**IT IS FURTHER ORDERED** that Plaintiff's petition is hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this 18th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE